Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7039 | **DATE** | 8/23/2011 |
| **CASE TITLE** | Rafael Perez-Rodriguez vs. United States of America | | |

**DOCKET ENTRY TEXT**

Petitioner seeks to appeal the judgment [11] entered in this matter on July 27, 2011, denying Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court respectfully declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

■[ For further details see text below.]   Docketing to mail notices. Notices mailed by Judicial staff.

# STATEMENT

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a petitioner does not have an absolute right to appeal a district court's denial of a § 2255 motion; instead, he must first request a certificate of appealability ("COA"). See *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Accordingly, the Court must determine whether to grant Petitioner Rafael Perez-Rodriquez a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). Petitioner is entitled to a COA only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003) (quoting *Barefoot v. Estelle*, 462 U.S. 880, 893 (1983)). If the district court denies a request for a COA, a petitioner may request that a circuit judge issue the certificate. Fed. R. App. P. 22(b)(1).

Here, the Court finds no reason why reasonable jurists would debate or disagree with the Court's ruling that Petitioner did not show that there was a violation of the Constitution or other laws of the United States or that his sentence was beyond the maximum allowed. There was ample evidence to support Petitioner's conviction, Petitioner's sentence was appropriate—in the words of the Seventh Circuit, "the duration of [Petitioner's]

| STATEMENT |
|---|

criminal conduct, when viewed in relation to the harm it caused [the victim], foreclosed a more lenient sentence" (*United States v. Perez-Rodriguez*, 358 Fed. Appx. 700, 705 (7th Cir. Dec. 22, 2009))—and Petitioner did not come close to being eligible for the "Safety Valve" provision, which gives courts "more flexibility in sentencing by permitting defendants to be sentenced below the minimum sentences fixed by statute" if they meet five specific elements (see *United States v. Ramirez*, 94 F.3d 1095, 1099 (7th Cir. 1996)).  Nor would reasonable jurists debate whether Petitioner's counsel provided effective assistance or whether a miscarriage of justice had occurred.  In short, an alternative sentence was not warranted in this case.  Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

10C7039 Rafael Perez-Rodriguez vs. United States of America

Page 2 of 2