# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7039 | **DATE** | 9/7/2011 |
| **CASE TITLE** | Rafael Perez-Rodriguez vs. United States of America | | |

**DOCKET ENTRY TEXT**

Petitioner's application for leave to file his appeal *in forma pauperis* [14] is respectfully denied.

■[ For further details see text below.]   Docketing to mail notices.Notices mailed by Judicial staff.

# STATEMENT

On July 27, 2011, the Court issued a memorandum opinion and order [10] denying Petitioner Rafael Perez-Rodriguez's motion to vacate, set aside, or correct sentence. August 23, 2011, the Court issued an order [15] declining to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2). Petitioner now asks the Court to grant him *in forma pauperis* status for an appeal of the denial of his Section 2253(c)(2) petition. The standard governing the issuance of a certificate of appealability is more demanding than the standard for allowing a petitioner to proceed to appeal *in forma pauperis*. *Moore v. Pemberton,* 110 F.3d 22, 24 (7th Cir. 1997); see also *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983) (noting that the standard for obtaining a certificate of probable cause, the predecessor to the certificate of appealability, is higher than the one used to evaluate good faith under 28 U.S.C. § 1915); *Pate v. Stevens,* 163 F.3d 437, 439 (7th Cir. 1998) (citing *Barefoot* and warning district courts not to apply an inappropriately high standard in making good faith determinations). To issue a certificate of appealability, a court must find that the petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Williams v. Parke,* 133 F.3d 971, 975 (7th Cir. 1997). In contrast, to determine that a petitioner should be given leave to proceed on appeal *in forma pauperis*, a "good faith" standard applies, pursuant to which the district court need only find that a reasonable person could suppose that the appeal has some merit. *Lee,* 209 F.3d at 1026.

In this instance, even under the lower standard, the Court cannot conclude that Petitioner's appeal is in good faith, for the Court does not believe that a reasonable person "could suppose" that the appeal has any merit. Having presided over the trial, ruled on the post-trial motions, reviewed the Seventh Circuit's opinion dismissing Petitioner's direct appeal and allowing Petitioner's counsel to withdraw after filing an *Anders* brief (see Order in Appeal No. 09-1850 (7th Cir. Dec. 22, 2009) (non-precedential disposition)), and denying Petitioner's request for Section 2253(c)(2) relief and for a certificate of appealability, the Court is well versed in the issues raised by Petitioner and concludes that Petitioner's appeal would be "indisputably frivolous." See, *e.g.*, *Walker v. O'Brien,*

| STATEMENT |
|---|
| 216 F.3d 626, 631-32 (7th Cir. 2000). Accordingly, Petitioner's application for leave to file his appeal IFP [14] is respectfully denied. |